# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00293-CV

---

**Kara King, Mayor, Council Members Andrea Willott, Jon Cobb, Andrew Clark, Kevin Hight, and the City of Bee Cave, Appellants**

**v.**

**Bill Goodwin, Appellee**

---

**FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-20-003394, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

---

## DISSENTING OPINION

The trial court signed its final judgment June 24, 2021, finding that the Bee Cave City Council acted ultra vires and "without legal authority under the Bee Cave Charter to remove Bill Goodwin from his office as a member of the City Council on June 17, 2020," and "such removal was void." Appellants appealed the trial court's judgment. In its opinion, this Court has determined that the expiration of Goodwin's term rendered the case moot and that neither of the mootness exceptions invoked by Goodwin applied to the facts present here. For the reasons that follow, I respectfully dissent from the Court's opinion and judgment.

The first exception Goodwin attempted to invoke is the one occurring when events are capable of repetition yet evading review. For that exception to apply, a plaintiff must show that the challenged action was too short in duration to be litigated fully before the action expired and that a reasonable expectation exists that the same complaining party will be

subjected to the same action again. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Coburn v. Moreland*, 433 S.W.3d 809, 825 (Tex. App.—Austin 2014, no pet.).

The allegations against Goodwin stemmed from at least one email that he sent during his prior term in office. The record appears uncontroverted that he resigned his Council seat on or about April 1, 2020, before the end of that term. On May 12, 2020, the City of Bee Cave voters elected him to a new two-year term on the Council. The Council voted to remove Goodwin from his office just 36 days later June 17, 2020. The Council's removal vote has the effect of undermining the City election if not potentially disenfranchising some of the City's voters. The issue that was the subject of Goodwin's removal properly and effectively was a matter for and before the voters in the 2020 election, the alleged conduct having predated that election.

Given the importance that elections have as an expression of the people's will, the relatively short two-year term of office but unavoidably lengthy time needed for judicial review, the information before this Court indicating Goodwin's future political plans, and the likelihood that the Council would remove him from office again in a subsequent term, I believe that the mootness exception discussed above should apply in the circumstances present here. The trial court proceedings in this case began June 29, 2020, and consumed approximately 13 months. The briefing in this appeal was complete in late 2021, meaning that there were only a few months for the nonaccelerated appeal to be resolved, including any potential separate writings, before the controversy became moot. Given this Court's caseload and docket of various types of accelerated cases, the typical time for resolving appeals necessarily exceeds that amount of time.

The fact that the subject matter of the controversy involves removal from a term in office for pre-existing allegations from a prior term of office inherently underscores the

2

reasonable expectation that Goodwin will be subject to the same action again. Further, Goodwin's affidavit demonstrates his intent to run again for a Council seat. Accordingly, I cannot conclude that this case presents a "mere physical or theoretical possibility" that Goodwin will be subjected to the same action again and that any challenge to the action could not be fully litigated before the expiration of the term. *Cf. Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (explaining that exception applies when there is reasonable expectation or demonstrated probability that same controversy will recur involving same complaining party).

For these reasons, I would conclude that the capable-of-repetition-yet-evading-review exception applies and would deny appellants' motion to dismiss. Accordingly, I respectfully dissent from the Court's opinion and judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Filed: October 14, 2022

3